# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY DEWITT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-13-1620 |
| BOBBY SHEARIN, | * | |
| GREGORY DURST, | | |
| RICHARD O'CONNER, | * | |
| DAVID BARNHARD, | | |
| LT. THOMPSON, | * | |
| MICHAEL J. STOUFFER, | | |
| LT. JONES, and | * | |
| B.A. WILTS | | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned civil rights Complaint was filed on June 4, 2013, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears indigent, Plaintiff's motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff alleges he was erroneously identified as being affiliated with a gang by prison officials resulting in his exclusion from transfer to another correctional facility, job assignments, special programs, lower security, family day and parole. ECF No. 1 at p. 7. He asserts that he was informed that the determination that he was affiliated with a gang included a statement that he was "validated on 4-12-05 as a gang member while housed at MCI-J" which is false given Plaintiff was never assigned to MCI-J. *Id.* at p. 11. Plaintiff filed an administrative remedy procedure request (ARP) and appealed the dismissal through the Inmate Grievance Office (IGO). He attaches a copy of the IGO decision to his Complaint, which states, in relevant part:

> From the Grievant's own testimony, it seems likely that some or all of his points were accumulated from associating with known STG members.

> Additionally, the evidence establishes that he did score four points on the validation worksheet. Thus, even though Lt. Thomas's report incorrectly stated that the Grievant was housed at MCI-J and that he was validated as an STG member, there is no reason to doubt its core conclusion that the Grievant was identified as associated with an STG. Since the Grievant has not gone through the renunciation process, he correctly remains so identified.

ECF No. 1 at p. 19. In summarizing the evidence, the administrative law judge (ALJ) noted that Plaintiff had denied being a gang member or taking a gang oath, but admitted on cross-examination that he had associated with gang members because "you can't tell who's a member and who's not." *Id.* Plaintiff further stated that he had been assigned to share a cell with a gang member and that the inmate who was representing him at the IGO hearing is affiliated with a gang. *Id.* The relevant Division of Correction Directive notes two criteria for validation as a gang member or associate: observed observation and contact with known associates. *Id.* citing DCD 110-35, Appendix 1.

Prisoners have a limited constitutional right, grounded in the due process clause, to have prejudicial erroneous information expunged from prison files and they are deprived of this right if prison officials refuse to expunge material after being requested to do so. *See Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979). However, it is not sufficient that a prisoner simply disputes evaluations and opinions regarding him; federal courts will not second-guess these evaluations.

Further, it is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), *see also Sandin v. Conner*, 515 U.S. 472 (1995)

(requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). The erroneous information must have been relied on to a constitutionally significant degree in order to state a claim. *Id.* "If the information is relied on to deny parole or statutory good-time credits, or to revoke probation or parole, the inmate's conditional liberty interest is at stake and the due process clause is called into play." *Id.* at 202, citing *Wolff v. McDonnell*, 418 U.S. 539 (1974).

In the instant case, the only alleged misinformation concerns whether Plaintiff was assigned to a particular institution. It is clear from the content of the Complaint that Plaintiff admitted to associating with gang members. Whether Plaintiff considers those associations sufficient to designate him as "gang affiliated" is a matter of his disagreement with the opinion of prison officials and does not state a claim. Thus, the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

A separate Order follows.

6/10/13
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE